UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARC BOITEAU,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Defendant. | Case No. 2:23-cv-0146-TLN-JDP (PS)<br><br>ORDER TO SHOW CAUSE |

This case was opened when plaintiff Richard March Boiteau filed an interpleader's notice of removal, which appears to challenge a state court order finding him incompetent. Plaintiff has not properly removed a state action to this court, and I therefore construe his notice as a complaint. So construed, I find that the complaint fails to establish a basis for the court's subject matter jurisdiction.

A district court has an independent duty to ascertain its jurisdiction. *See* 28 U.S.C. § 1447(c). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff

1

must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

According to the compliant, the State of California commenced a "criminal" action against plaintiff in May 2022. ECF No. 1 at 2. In January 2023, plaintiff filed in this court his notice of removal, which is construed as a complaint. That filing consists of a litany of legal conclusions, the relevance of which is impossible to discern.[1] Critically, on the face of the complaint, there is no federal question jurisdiction. The interpleader and admiralty statutes cited by plaintiff are legally frivolous, as he appears simply to be coupling these citations with the numerous documents referencing himself as trustee for himself. *See*, *e.g., United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"). Further, a review of plaintiff's documents indicate that he is a resident of California, therefore, no diversity jurisdiction exists between him and defendant. *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction).

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall show cause within fourteen days from the date of this order why this action should not be *sua sponte* dismissed for lack of subject matter jurisdiction.

2. Plaintiff is warned that failure to respond to this order will result in a recommendation

---

[1] As best I can tell, plaintiff appears to challenge a state court decision finding him incompetent. *See* ECF No. 1 at 2-3. However, given the complaint's various legal conclusions, it is not possible to ascertain the basis of plaintiff's suit.

1 | that this action be dismissed without prejudice for failure to effect services of process.

IT IS SO ORDERED.

Dated:    April 23, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE